IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ANTHONY L. EVANS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MIKE FERRITER (Director of Montana Dept. Of Corrections) and LEROY KIRKEGARD (Warden of Montana State Prison),<br><br>　　　　Defendants. | CV 17-00080-H-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE |

　　　　Plaintiff Anthony Evans filed a Complaint pursuant to 42 U.S.C. § 1983 alleging Defendants failed to protect him while he was incarcerated at Montana State Prison between January 2012 and July 2015.  On January 30, 2018, this Court issued an Order finding that the Complaint as currently plead, failed to state a claim upon which relief may be granted and was subject to dismissal.  Mr. Evans was given an opportunity to file an amended complaint on or before February 28, 2018. (Doc. 8.)  He failed to do so.

　　　　Accordingly, for the reasons set forth in the Court's January 30, 2018 Order (Doc. 8), the Court finds that Mr. Evans has failed to state a federal claim upon

1

which relief may be granted, and therefore issues the following:

## RECOMMENDATIONS

1. This matter should be DISMISSED for failure to state a federal claim.

2. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  No reasonable person could suppose an appeal would have merit.  The record makes plain the Complaint lacks arguable substance in law or fact.

4. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Evans failed to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Evans may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C)

2

to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 9th day of April, 2018.

                                                */s/ John Johnston*
                                                John Johnston
                                                United States Magistrate Judge

---

(mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Evans is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.